BRENES *v*. A. HARTMAN & CO. ET AL.

APPEAL from the District Court of Humacao.

No. 53.—Decided May 2, 1905.

DAMAGES AND LOSSES—PARTNERSHIP—SPECIAL PARTNERS.—Special partners have no authority to bring an action to recover damages and losses caused

the partnership by the acts of a third person, since such an action may be prosecuted only by the partnership itself or by its legal representative, and special partners are not so regarded.

ID.—MANAGING PARTNERS.—Where the partnership assumes obligations with respect to a third person by the acts of the managing partner, an action seeking the annulment of a transaction by reason of the fact that the partnership had been previously declared in bankruptcy, and continued to be in bankruptcy at the time when such obligation was assumed, cannot be prosecuted by a special partner, because he is not a legal representaive of the partnership.

The facts are stated in the opinion.

*Mr. Vias Ochoteco,* for appellant.

*Mr. López Landrón,* for respondents.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument executed in Arroyo on July 13, 1900, before Notary José Mariano Capó y Alvarez, José Ma. Padilla y Delgado and José Brenes Larroche entered into a limited commercial partnership under the firm name of "J. M. Padilla & Co.," with a capital of three thousand dollars which the partners contributed in equal parts, consisting of provisions, goods, cattle, land, a frame house and accounts. This partnership was to continue for four years, the manager thereof being Padilla y Delgado, with José Brenes Larroche, as special partner, although with respect to the latter there was incorporated in the contract the following clause:

"Notwithstanding the legal powers and liabilities of the special partner, it is agreed that Brenes Larroche shall also take part in the management of the firm or partnership, especially with regard to outside business; that is to say, collections, cattle deals, brick making, etc., and any transactions which he may make shall be as valid as if made by the managing partner; and in the absence or sickness of the managing partner said special partner may also sign the firm name to the correspondence of the company, and it is in view of these circumstances that it is agreed that he shall receive 45 per cent of the profits instead of 25 per cent, to which he would be entitled as special partner."

On September 8th of the same year, Guillermo MacCormick y Hartman, as the managing partner of a commercial firm in Arroyo, doing business under the firm name of A. Hartman & Co., requested and obtained from the Municipal Court of Arroyo an attachment against José María Padilla, for the recovery of the sum of $1,343.01, represented by notes signed by Padilla and the balance of an account current accepted by the latter; and said attachment having been levied on the same date, the District Court of Humacao held that it should not be ratified by orders of September 28th and October 3d, of the same year directed that the same be raised.

The proceedings instituted by A. Hartman & Co. for the recovery of the sum which was the object of the attachment, were discontinued by said firm, and the suit was held to have been abandoned by an order of the court of Humacao of January 3, 1901.

On November 23, 1900, said firm of A. Hartman & Co. brought criminal proceedings in the Municipal Court of Arroyo against José María Padilla, on the charge that the latter had disposed of all his property to the prejudice of his creditors, and the proper preliminary proceedings having been had, the complainant, represented by Attorney Rafael López Landrón, formulated his charge against Padilla on March 10, 1901, without the record showing the final result of this action, although it appears that the attachment levied by reason thereof on the property of the accused had been raised.

On December 23, 1900, said firm of A. Hartman & Co. filed a petition praying that José María Padilla be declared in bankruptcy, either in person or as the only manager of J. M. Padilla & Co., and such declaration was made by the District Court of Humacao by order of August 12, 1901, Manuel Fernández Suárez being appointed referee in bankruptcy, and Ceferino Lagua the trustee. An order also issued for the arrest of Padilla, who was also to be notified that he had

been disqualified to manage his own property or to make any contracts whatsoever, either in his own name or in the name of the firm of J. M. Padilla & Co., and being directed to turn over immediately, which he did, the commercial books, papers and correspondence concerning his personal business and the commercial business of J. M. Padilla & Co.

The record does not show the status of these universal proceedings in bankruptcy, although it appears that upon a report of the referee, the trustees and the *fiscal* of the court of Humacao, that court, by order of January 12, 1903, qualified the bankruptcy of J. M. Padilla & Co. as of the first class; that is to say, a fortuitous insolvency.

Counsel for the respondent company asserts in his brief before this Supreme Court, that while the incidental proceedings in opposition to a declaration of bankruptcy were pending, in pursuance of the opinion of the new *fiscal* of Humacao, Luis Campillo, the district court of that city held itself to be without jurisdiction to continue taking cognizance of the bankruptcy proceedings and incidental issues, by reason of the subject matter, and advised the parties that they could continue the enforcement of their rights before the proper federal court; but the record does not substantiate this assertion.

Prior to the declaration of bankruptcy, that is to say, on February 6, 1902, José María Padilla, as the manager of the commercial firm of J. M. Padilla & Co., made the following statements in a notarial instrument which he executed in Arroyo:

"1. That in the capacity in which he appears he had brought an action against the firm of A. Hartman & Co., also of this place, to recover $6,700 as damages, which he estimates he suffered through the prosecution of certain judicial proceedings by said firm of A. Hartman & Co. against the affiant, in his own right, and against the firm of J. M. Padilla & Co., which he represents.

"2. And that as said claim for damages is unfounded at the present time, because he has settled the differences which he had had with

said firm of A. Hartman & Co., he now, in the most formal manner, declares and states in his own right and as the manager of the firm of J. M. Padilla & Co., that he withdraws such claim for damages and abandons it entirely, leaving it from this moment of no value or future effect.''

For the purpose of obtaining the annulment of this notarial act, Attorney Juan Vías Ochoteco brought an action in the District Court of Humacao on behalf of José Brenes y Larroche, on July 10, 1903, praying in his petition that such act be declared void and A. Hartman & Co. adjudged to indemnify him in the sum of seven thousand dollars, at which he estimates the loss and damage suffered by him through the fault or malice of said firm; and that it also be adjudged to place at the disposal of the creditors of the commercial firm of J. M. Padilla & Co. the sum of $2,326.70, being the total amount of the credits pending, with the costs against the defendants J. M. Padilla & Co. and A. Hartman & Co. In support of his complaint the plaintiff mentioned, among other facts, the illegal attachment levied on property belonging to the firm of J. M. Padilla & Co., the criminal proceedings in which Padilla was involved, and the declaration of bankrutpcy of J. M. Padilla & Co., from which the loss and damage claimed is derived, the abandonment of which was void, among other reasons, because it was made in violation of articles 878 and 879 of the Code of Commerce.

The record does not show what answer the defendants made to this complaint, but does show the judgment which the District Court of Humacao rendered on March 29th of last year, after hearing the evidence. The conclusions of law and the adjudging portion of this judgment follow:

''The plaintiff brings a personal action for losses and damages which he alleges were suffered by the commercial firm of J. M. Padilla & Co., of which he is a special partner. If Messrs. A. Hartman & Co., defendants, caused loss and damage by their acts to the firm of J. M.

Padilla & Co., the latter alone has a right of action to recover through its legal representative, who is not the plaintiff, Brenes Larroche. If, on the other hand, José María Padilla, as managing partner, obligated the firm of J. M. Padilla & Co. to a third person, the action to seek the annulment of the act, by reason of such company having previously been declared in a state of bankruptcy and such state continuing, cannot be brought by the complainant, because he is not the representative of the bankrupt entity. If José Brenes y Larroche considers his rights under the partnership agreement which he entered into with José Ma. Padilla to have been prejudiced, his remedy lies in an action *pro socio,* which he can bring in the proper manner.

"In view of articles 878 of the former Civil Code, 1331, 1344, and 1261 of the law of civil procedure, and 149 and 144 of the Code of Commerce, we adjudge that, as there is no right of action in the plaintiff, we should and hereby do render judgment in favor of the defendants, with the costs against the plaintiff, José Brenes Larroche."

From this judgment counsel for the plaintiff appealed, the appeal being allowed, and now pending the decision of this Supreme Court, after counsel for José Brenes Larroche and the firm of A. Hartman & Co. had made their respective arguments.

The conclusions of law upon which the judgment appealed from is based are acceptable, and of such legal value that it is unnecessary to enter upon a consideration of the real and positive existence of the loss and damage which have also been the subject of judicial discussion, because if such loss and damage was caused to the firm of J. M. Padilla & Co. by reason of acts which affected the latter, the plaintiff has no right to seek recovery thereof from the firm of A. Hartman & Co. which, if such loss and damage existed, would be payable to the firm of J. M. Padilla & Co., and there is still less legal reason to justify the demand that A. Hartman & Co. deposit at the disposition of the creditors of J. M. Padilla & Co. the sum of $2,326.70 referred to in the complaint.

We are therefore of opinion that the judgment appealed from is in accordance with the law, and consequently that it

should be affirmed with the costs of the appeal also against the appellant, José Brenes Larroche.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf did not sit with the court at the hearing of this case.